Ms. Stacey Witherell Employment Services Manager Little Rock Human Resources Department 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that the City of Little Rock has received a request for certain documents. Among the documents requested are "copies of any and all writings, documents or data compilations of any kind regarding, reflecting or pertaining to any other employees of Public Works who have been disciplined for damaging city equipment[.]"
As custodian of the records, you have determined that these documents are releasable if the employee received a suspension or termination for the infraction.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records, is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B). It is my opinion that your determination is partially correct, as explained more fully below.
Records that meet the description "copies of any and all writings, documents or data compilations of any kind regarding, reflecting or pertaining to any other employees of Public Works who have been disciplined for damaging city equipment" may constitute either "personnel records" or "employee evaluation/job performance records," within the meaning of the FOIA. Therefore, some of the records that have been requested may constitute "personnel records," and others may constitute "employee evaluation/job performance records." The distinction is important, because the standard for the release of these two types of records is different. I will therefore discuss both types of records and the FOIA's standards for their release.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom the records pertain. A.C.A. § 25-19-105(b)(12).
If you determine that some of the documents that have been requested are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine whether it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed.
As custodian of the records, it is your responsibility, in the first instance, to determine whether particular records constitute "personnel records," and if so, to conduct this balancing test.
Employee Evaluation/Job Performance Records
It is likely that some of the records that have been requested constitute "employee evaluation/job performance records." Although the FOIA does not define the phrase "employee evaluation or job performance record," and the phrase has not been judicially construed, the Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2001-154; 96-132; 91-324.
Under the FOIA, "employee evaluation/job performance records" are exempt from disclosure unless the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
If you determine that some of the records that have been requested constitute "employee evaluation/job performance records," you must then determine whether the employee to whom those records pertain has been suspended or terminated. You are correct that if the employee has not been suspended or terminated, the records may not be released (provided that the records in question do constitute "employee evaluation/job performance records"). On the other hand, if the employee in question has been suspended or terminated, you must then proceed to determine whether the above three conditions have been met. If so, the records can be released.
Miscellaneous Matters
Finally, I note three matters of which you, as the custodian of the records, must always be cognizant. First, an individual's personnel records and employee evaluation/job performance records must be provided to that employee, if requested. A.C.A. § 25-19-105(c)(2). Second, any record under consideration may be subject to other exemptions from disclosure, as listed in A.C.A. § 25-19-105. Third, any record that is released should be reviewed to determine whether it contains specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh